UNITED STATES DISTRICT COURT                SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Oscar S. Wyatt, Jr., on behalf of himself and all others similarly situated, *et al.*, § § § § | |
| Plaintiffs, § | |
| *versus* § | Civil Action H-02-2717 |
| El Paso Corporation, *et al.*, § § § | |
| Defendants. § | |

## Findings & Order on Fees and Expenses

1. The parties have stipulated to:
   (a) a fee of 15.438% of the fund, being $43,998,300.00;
   (b) reimbursement of expenses of $1,813,312.71 from the fund; and
   (c) interest earned on the fee and expenses until paid at the rate earned on the fund.

2. The court finds these factors support the stipulated fee:
   (a) the settlement was obtained through extensive time, work, and thought;
   (b) the case involved at least five difficult issues of law and operative facts made of thousands of subsidiary facts embodied in people and papers across the continent;
   (c) a lesser recovery or none was substantially likely;
   (d) the case required a long-term commitment naturally but was prolonged by stays that were required;
   (e) the time and work on this case was an opportunity cost of high value;
   (f) lead counsel were not compensated during the case, and their fee was completely contingent on the result;
   (g) the settlement is highly favorable;
   (h) these attorneys' experience in complex securities class actions benefitted the class;

    (i)    the fee request is supported by the court-appointed institutional lead plaintiffs and overwhelmingly supported by the class; and

    (j)    lead counsel's expenses were reasonable, being proportionate to their duty to investigate, prepare, and present multiple plausible claims.

3.    One factor does not support the stipulated fee: Although among the large number of counsel there were highly competent, productive lawyers of distinction, counsel for the class persisted in refusing to prepare notices for the class and orders for the court that were clear and precise.

Besides potentially frustrating the members' right to appreciate the work being done for them and at their expense, it required the court to devote effort that properly belong to class counsel. In this, they shifted their cost to the public.

These counsel specialize in securities litigation and their attendant classes. Specialization should imply a careful crafting of the routine papers needed in these cases; rather, the court was delivered mindlessly-repetitive strings of imprecise phrases borrowed from opinions – all abstract and unfocused. These papers give the word *boilerplate* a bad name.

Even if the user turns out to be an analyst with an investment bank instead of a widow in Point Blank, Texas, making the newly-minted MBA work harder because his counsel chose not to work imposes cost on his firm and, consequently, on widows, workers, investors, and consumers.

The stipulated fee itself – not the percentage of the fund – will be reduced by one percent to $43,558,317.00. The court finds that this fee is reasonable.

4.    Lead counsel are awarded:
    (a) a fee of $43,558,317.00.
    (b) reimbursement of expenses of $1,813,312.71 from the fund; and

   (c) interest earned on the fee and expenses until paid at the rate earned on the fund.

5. Payment of the fee, expenses, and interest must be paid from the fund under paragraph eight of the stipulation.

Signed March 9, 2007, at Houston, Texas.

                _____
                   Lynn N. Hughes
                 United States District Judge