UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| OSCAR WYATT, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | CIVIL ACTION H-02-2717 |
| | § | |
| EL PASO CORP., *et al.*, | § | |
| | § | |
| Defendants. | § | |

# Opinion Denying Attorney's Fees and Expenses

    James Thompson requests fees of $ 36,032.00 and expenses of $99,759.08 for objecting to the allocation for option holders. He argues that the objection played a valuable role in the approval of the settlement, and that it "enhanced the adversarial process, generated debate, and sharpened the issues."

    The objections did none of these things. The allocation limited the option holders' total award to approximately twice what they were estimated to receive. At heart, Thompson's argument was simply that option holders might not receive as much as they could. That is the purpose of a limit. The option holders were not only well provided for, but by setting the limit far above their estimated share, the option holders were afforded a significant safeguard.

    Thompson produced an economist, who argued that the methodology used to calculate damages for option holders was flawed. This testimony was contradicted by an article to which the economist himself had contributed. The class had its own economist who supported the methodology. The class economist was not only persuasive, he relied in part on the very same article. The choice – between the class economist who incorporated the objecting economist's work, and the objecting economist who unsuccessfully failed to distinguish his own work – was not difficult.

    Even if the methodology were flawed – which neither the other members of the

class nor this court accepts – Thompson and his economist were unable to show that the option holders would be negatively affected under the current methodology.

The class is already bearing the cost of additional fees from the many attorneys present during the objection. Thompson now wants to burden the class with an additional $135,000.00 in fees and expenses, arguing that this cost to the class is justified by some benefit. It is not.

Thompson's request will be denied.

Signed on April 25, 2007, at Houston, Texas.

_____
Lynn N. Hughes    USDJ
United States District Judge